# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 13-22168-CIV-ROSENBAUM

JESUS ROBERTO SOLER,

                Appellant,

v.

MARIA M. YIP,

                Appellee.

_____/

## OPINION AND ORDER

This is an appeal by Appellant-Debtor Jesus Roberto Soler of the Amended Order Denying Defendant's Motion to Dismiss and Extending *nunc pro tunc* the Deadline for the Trustee to Object to the Debtor's Discharge [BKC D.E. 42],[1] entered on April 24, 2013, and the Order Granting in Part and Denying in Part Motion to Reconsider [BKC D.E. 39], entered on April 19, 2013, in the United States Bankruptcy Court for the Southern District of Florida ("Bankruptcy Court"). The Court has carefully considered the briefs and all supporting and opposing filings and is otherwise fully advised in the premises. For the reasons set forth below, the Court declines review of the appeal.

---

[1]Unless otherwise noted, the facts are derived from various documents filed in this docket and the underlying bankruptcy docket. These facts, which appear to be undisputed, are provided for background purposes only and do not constitute findings of fact by the Court. For purposes of clarity, documents filed in this docket, 13-22168-RSR, will be cited as "D.E. ___" and documents filed in the underlying bankruptcy docket, 12-01841-LMI, will be cited as "BKC D.E. ___."

### *I. Background*

In the underlying bankruptcy action, the Chapter 7 Trustee, Appellee Maria M. Yip, commenced an adversary proceeding against Soler, objecting to discharge of Soler's debts pursuant to several subsections of 11 U.S.C. § 727.  BKC D.E. 22.  The deadline to object to the discharge had been extended by the Bankruptcy Judge twice, with the final deadline set for August 8, 2012. D.E. 12 at 1.  Due to a clerical error, the Trustee filed her Complaint one day beyond the deadline, on August 9, 2012.  *Id.*  Soler subsequently filed a motion seeking dismissal of the Adversary Complaint because of its untimely filing.  D.E. 15 at 3.  While the Bankruptcy Court acknowledged that it did not have discretion to extend a deadline established by a Federal Rule of Bankruptcy Procedure, it determined that it did have discretion to retroactively extend the deadline for objecting to the discharge because it was court-imposed.  BKC D.E. 42.  Finding that the Trustee's late filing constituted "excusable neglect" under Rule 9006(b)(1), Fed. R. Bankr. P., the Bankruptcy Court denied Soler's motion and retroactively extended the deadline to file objections to the discharge to August 9, 2012.  BKC D.E. 42.  Following the partial denial of Soler's Motion to Reconsider on June 18, 2013 [BKC D.E. 39], Soler filed a Notice of Appeal with this Court [D.E. 1].

As the basis for his appeal, Soler contends that the Bankruptcy Court erred in extending the deadline to file the Adversary Complaint.  D.E. 12 at 2.  According to Soler, Rule 9006(b)(1), which grants the Bankruptcy Court authority to extend deadlines after their expiration upon a showing of excusable neglect, is inapplicable to the present case.  *Id.*  Specifically, Soler asserts that the Trustee made her motion for enlargement of time pursuant to Rule 4004(b), which is specifically excluded from Rule 9006(b)(1)'s excusable-neglect provision.  *Id.*  Thus, Soler asks this Court to find that the Bankruptcy Court abused its discretion in retroactively extending the deadline.  In response, the

Trustee argues that the appeal is from an interlocutory order of which the Court should decline review, and alternatively, that the Bankruptcy Court did not abuse its discretion because it had already extended the deadline twice before, thus making the deadline court-imposed, rather than one governed by the Bankruptcy Rules.

## *II. Jurisdiction*

Federal courts are courts of limited jurisdiction.  *Federated Mut. Ins. Co. v. McKinnon Motors*, *LLC*, 329 F.3d 805, 807 (11th Cir. 2003).  With regard to appeals from bankruptcy courts, district courts enjoy jurisdiction over only three types of orders: (1) final orders, as described in 28 U.S.C. § 158(a)(1); (2) interlocutory appeals issued under 11 U.S.C. § 1121(d), as described in 28 U.S.C. § 158(a)(2); and (3) with leave of the court, other interlocutory orders, as described in 28 U.S.C. § 158(a)(3) and Rule 8001(b), Fed. R. Bankr. P.  *Tobkin v. Calderin*, No. 12-22692-MC, 2012 WL 3609867, at *1 (S.D. Fla. Aug. 22, 2012).

An order that would normally be considered interlocutory may be reviewed as a "final order" by a court if (1) the order is independent and easily separable from the substance of other claims in the action, (2) prompt review is necessary to protect important interests of any party, and (3) the reviewing court examines the first two requirements in light of practical, as opposed to technical, considerations.  *Wisz v. Moister (In re Wisz)*, 778 F.2d 762, 764 (citing *Providers Benefit Life Ins. Co . v. Tidewater Group, Inc. (In re Tidewater)*, 734 F.2d 794, 796-97 (11th Cir. 1984)); *see also In re Hinners,* No. 12-80924-MC , 2012 WL 4049967, at *2 (S.D. Fla. Sept. 13, 2012); *Charter Co. v. Prudential Ins. Co. of Am. (In re Charter Co.)*, 778 F.2d 617, 622 (11th Cir. 1985).

### *III. Discussion*

The Court declines to exercise jurisdiction over the underlying Order for two reasons: (1) it is not a final order granting Soler an appeal as a matter of right, and (2) Soler has not met his burden of establishing that interlocutory appeal of the Order is proper.

### *A. The Bankruptcy Court's Order is Not a Final Judgment*

A final determination is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Babic v. Ford Motor Credit Corp. (In re Ashoka Enters., Inc.)*, 156 B.R. 343, 345 (S.D. Fla. 1993) (quoting *In re Charter Co*, 778 F.2d at 621) (internal quotation marks omitted).  The interpretation of finality is more flexible in the bankruptcy context, however, because bankruptcy is an aggregation of controversies and suits. *Barben v. Donovan (In re Donovan)*, 532 F.3d 1134, 1136 (11th Cir. 2011) (citing *Jove Eng'g v. IRS*, 92 F.3d 1539, 1547 (11th Cir. 1996)).  Instead, "[i]t is generally the particular adversary proceeding or controversy that must have been finally resolved rather than the entire bankruptcy litigation."  *Id.* (quoting *Commodore Holdings, Inc. v. Exxon Mobil Corp.*, 331 F.3d 1257, 1259 (11th Cir. 2003) (internal quotation marks omitted) (alternation in original); *see also In re Ashoka Enters., Inc.*, 156 B.R. at 345 ("In bankruptcy proceedings . . . it is generally only the particular controversy which must have been resolved for the order to be considered 'final.'").  Nonetheless, to be final, a bankruptcy court order must "completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief."  *Id.* (quoting *Guy v. Dzikowski (In re Atlas)*,  210 F.3d 1305, 1308 (11th Cir. 2000) (internal quotation marks omitted).

The Order that Soler seeks to appeal is not a final order.  In general, denials of motions to dismiss are not appealable as final judgments.  *See Wallace v. Norman Indus., Inc.*, 467 F.2d 824,

826 (5th Cir. 1972); *Catlin v. United States*, 324 U.S. 229, 236 (1945) ("[D]enial of a motion to dismiss . . . is not immediately reviewable.").  Further, the specific Order at issue in this case does not resolve all of the issues in this particular controversy.  The Bankruptcy Court's Order decided none of the substantive issues in the adversarial proceeding; rather, it resolved a procedural matter related to whether the Trustee could file her Complaint.  "An order is not final for appellate review when it 'merely disposes of an incidental procedural matter during the proceedings in bankruptcy court.'" *Stewart v. Kutner (In re Kutner),* 656 F.2d 1107, 1111 (5th Cir. Unit A Sept. 1981).[2]  The Court's decision to extend the filing deadline for adversary complaints cannot be said to have "ended the litigation on the merits;" in fact quite the opposite, it permitted the case to proceed. *See, e.g., In re Donovan*, 532 F.3d at 1137 ("By denying [appellant's] motion to dismiss, the bankruptcy court permitted the Chapter 7 case to continue. The court did not conclusively resolve the bankruptcy case as a whole, nor did the court resolve any adversary proceeding or claim.").  Because the Order did not terminate the litigation on the merits or resolve all of the issues related to the proceeding, it does not constitute a final order for purposes of appeal.

Even if an order would normally be considered interlocutory, the Court can still consider an order as final if (1) the order is independent from the substance of the other claims in the action, (2) prompt review is necessary to protect important interests of any party; and (3) the reviewing court examines the first two requirements in light of practical, as opposed to technical, considerations. *In re Wisz*, 778 at 764 (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949)).  This is referred to as the collateral-order doctrine, which the Eleventh Circuit has held applies to review of

---

[2]Pursuant to *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

bankruptcy court orders. *Growth Realty Cos. v. Regency Woods Apartments (In re Regency Woods Apartments, Ltd.)*, 686 F.2d 899, 902 (11th Cir. 1989); *In re Charter Co.*, 778 F.2d at 622..

The Court finds that the Bankruptcy Court's Order does not meet this exception to the final judgment rule. It is true that the underlying Order arguably resolved an issue independent of the merits of the proceeding since it involved a determination of whether the Bankruptcy Court had discretion to retroactively extend the filing deadline of the adversary complaint, not the substance of the claims within that complaint. But prompt review is not necessary because the Order is not "effectively unreviewable" on appeal from final judgment. *Will v. Hallock*, 546 U.S. 345, 349 (2006) (citation omitted).

The Supreme Court has emphasized that the collateral-order doctrine is a narrow exception and modest in scope. *Id.* at 350 ("[A]lthough the Court has been asked many times to expand the "small class" of collaterally appealable orders, we have instead kept it narrow and selective in its membership."). While the Court recognizes that the Order denying Soler's Motion to Dismiss effectively denies him the ability to prevail without further proceedings, this alone is insufficient to satisfy the standard. The right to avoid further proceedings has been unquestionably recognized in specific contexts, including absolute and qualified immunity and double jeopardy; however, the Supreme Court has cautioned against attempts to generalize this right. *Id.* at 351. Otherwise, "almost every pretrial or trial order might be called 'effectively unreviewable' in the sense that relief from error can never extend to rewriting history." *Id.* Thus, what counts in determining whether an order is unreviewable, is not simply avoidance of further proceedings, but avoidance of further proceedings "that would imperil a *substantial public interest*." *Id.* at 353. (emphasis added). Examples include "honoring the separation of powers, preserving the efficiency of government and

the initiative of its officials, respecting a State's dignitary interests, and mitigating the government's advantage over the individual." *Id.* Here, Soler has identified no such interest that would favor an immediate appeal in the matter before it, nor is the Court aware of any such interest that would overcome the general rule that a "party is entitled to a single appeal, to be deferred until final judgment has been entered." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009). The virtues of the final judgment rule are to prevent "piecemeal, prejudgment" appeals that undermine "efficient judicial administration." *Id.* In this case, the underlying Order does not fall within the confines of the collateral order-doctrine and does not warrant immediate review.

### B. The Court Exercises Its Discretion to Deny An Interlocutory Appeal

Because the Bankruptcy Court's Order is not a final order entitling Soler to review as a matter of right,  it constitutes an interlocutory order, which can be appealed only upon leave of this Court. *See* 28 U.S.C. § 158(a)(2),(3). Under the Federal Rules of Bankruptcy Procedure, an appellant must obtain leave from the district court to appeal a bankruptcy order. Fed. R. Bankr. P. 8001(b). The motion for leave to appeal must contain the following:

1. a statement of the facts necessary to an understanding of the questions to be presented by the appeal;

2. a statement of those questions and of the relief sought;

3. a statement of the reasons why an appeal should be granted; and

4. a copy of the judgment, order, or decree complained of and of any opinion or memorandum relating thereto.

Fed. R. Bankr. P. 8003(a). Soler has not sought this relief, having simply filed a Notice of Appeal. [D.E. 1]. While the failure to file a motion for leave to appeal is not fatal, *In re Ashoka*, 156 B.R at 346, the Trustee argues that Soler was still required to include the information required by Rule

8003(a) in his Notice of Appeal and failed to so. Regardless of Soler's failure to comply with the Rules of Bankruptcy Procedure, though, the Court finds that Soler has not met his burden of establishing that an interlocutory appeal is warranted in this case.

District courts are authorized to grant leave to hear appeals of interlocutory orders entered by a bankruptcy court pursuant to 28 U.S.C. §158(a)(2) and (3). Because the statute does not provide criteria for determining when a district court should exercise its discretionary authority to grant leave to appeal, the Eleventh Circuit considers the factors set forth at 28 U.S.C. § 1292(b), which governs discretionary interlocutory appeals from the district courts to the courts of appeals. *In re Charter Co.*, 778 F.2d at 620 n.5.

Under 28 U.S.C. § 1292(b), to be granted an interlocutory appeal, a party must demonstrate that (1) the order to be appealed presents a controlling question of law (2) there is a substantial ground for difference of opinion, and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation. *See McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1257-58 (11th Cir. 2004). Courts generally allow these appeals sparingly since interlocutory bankruptcy appeals should be the exception, not the rule. *In re Hinners*, 2012 WL 4049967, at *1 (citing *U.S. Trustee v. PHM Credit Corp.*, 99 B.R. 762, 767 (E.D. Mich. 1989)). Ultimately, the burden is on the moving party to persuade the Court that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). If the party moving for leave to appeal fails to establish any of the three elements under § 1292(b), then leave must be denied. *Freeman v. Freeman* (*In re Pac. Forest Products Corp.)*, 335 B.R. 910, 919 (S.D. Fla. 2005).

In this case, Soler did not request the Court's leave to appeal, nor did he file a reply brief

addressing the Trustee's contention that the Order is not immediately appealable because it is an interlocutory order.  While an interlocutory appeal falls within this Court's discretion, Soler must satisfy his burden to persuade the Court that an interlocutory appeal is warranted under the circumstances.  Soler, however, has not even attempted to meet this requirement.  His sole brief on appeal makes no argument with respect to the appealability of the Bankruptcy Court's Order, and, although he had an opportunity  to respond to the issue as raised by the Trustee's brief, he did not do so.  Thus, he has failed to satisfy this threshold burden.  In view of the fact that interlocutory appeals are generally disfavored and should rarely be granted, the Court declines to grant leave to appeal, where, as here, Soler has made no showing that all three elements of § 1292(b) have been met or that extraordinary circumstances exist justifying review.

### *IV. Conclusion*

For the foregoing reasons, leave to appeal is **DENIED.**  All pending motions are denied as moot.  The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** at the Fort Lauderdale, Florida, this 27th day of September 2013.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

copies:

Counsel of Record