UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 13-22168-CIV-ROSENBAUM**

JESUS ROBERTO SOLER,

    Appellant,

v.

MARIA M. YIP,

    Appellee.

_____/

**ORDER DENYING APPELLANT'S MOTION FOR RECONSIDERATION**

This case is before the Court upon Appellant Jesus Roberto Soler's Motion for Reconsideration of the Court's Order declining review of Soler's bankruptcy appeal [ECF No. 17]. The Court has reviewed Soler's Motion, the response, and the record in this case, and for the reasons set forth below, denies the Motion for Reconsideration.

**I. Background**

The instant action stems from a bankruptcy proceeding currently pending in the United States Bankruptcy Court for the Southern District of Florida ("Bankruptcy Court"). In the underlying bankruptcy action, the Chapter 7 Trustee, Appellee Maria M. Yip, commenced an adversary proceeding against Appellant-Debtor Jesus Roberto Soler, objecting to his discharge pursuant to several subsections of 11 U.S.C. § 727. The deadline to object to the discharge had been extended by the Bankruptcy Court twice, with the final deadline set for August 8, 2012. Due to a clerical error, the Trustee filed her Complaint one day beyond the deadline, on August 9, 2012. Soler subsequently filed a motion seeking dismissal of the Adversary Complaint because of its untimely filing. While the Bankruptcy Court acknowledged that it did not have discretion to extend a deadline

established by Bankruptcy Rule, it determined that it did have discretion to retroactively extend this deadline because the deadline was court-imposed. Finding that the Trustee's late filing constituted "excusable neglect" under Rule 9006(b)(1), Fed. R. Bankr. P., the Bankruptcy Court denied Soler's motion and retroactively extended the deadline to file the discharge complaint to August 9, 2012. The Bankruptcy Court also partially denied Soler's motion for reconsideration. Soler appealed both Orders to this Court.

On September 30, 2013, the Court declined to exercise jurisdiction over Soler's appeal on the grounds that (1) the Bankruptcy Court Orders were not final orders granting Soler an appeal as a matter of right, and (2) Soler had not met his burden of establishing that interlocutory appeal of the Orders was proper. Soler now moves for reconsideration of this determination, arguing that (1) the Order denying Soler's motion to dismiss is final for purposes of appeal because it is jurisdictional in nature, and (2) the Order denying Soler's motion for reconsideration is a final order.

## II. Legal Standard

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.,* 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing *Mannings v. Sch. Bd. of Hillsborough County*, 149 F.R.D. 235, 235 (M.D. Fla. 1993)). "The 'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* at 1369 (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). Only three major grounds generally justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id*. (citing *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999); *Sussman*, 153 F.R.D. at

694).

### III. Discussion

Soler's primary argument is that the Orders denying dismissal in this case are jurisdictional, so they are immediately appealable. In particular, Soler emphasizes that the deadlines imposed by Rule 4004(a), Fed. R. Bankr. P.—which governs the timing to file a complaint objecting to a debtor's discharge—are "strict," and the Rule provides that a complaint must be filed "no later than sixty days after the first date set for the meeting of creditors under § 341(a)." A party requesting extension of the deadline must do so before the deadline expires; otherwise, the Bankruptcy Court is without authority to extend the deadline. *See* Fed. R. Bankr. P. 4004(b); *Byrd v. Alton (In re Alton)*, 837 F.2d 457, 459 (11th Cir. 1988). According to Soler, because the Trustee's complaint was untimely and the Rule does not permit the Bankruptcy Court to retroactively extend the deadline to file, the Bankruptcy Court lacks jurisdiction over the adversary proceeding. Because the issue is jurisdictional, Soler suggests, immediate review is permitted as a matter of right. The Court respectfully disagrees.

First, the Supreme Court has already conclusively held that Rule 4004(a) is *not* jurisdictional. *See Kontrick v. Ryan*, 540 U.S. 443, 447 (2004) ("We agree that Rule 4004 is not "jurisdictional"); *id.* at 455 ("Rules 4004 and 9006(b)(3) are not properly labeled 'jurisdictional' in the sense of describing a court's subject matter jurisdiction . . . ."); *see also In re Berman-Smith*, 737 F.3d 997, 1000 (5th Cir. 2013) ("In [*Kontrick*], the Court unanimously held that, because procedural rules are adopted by courts rather than by Congress, deadlines contained in rules are not jurisdictional. . . . Federal Rule of Bankruptcy Procedure 4004(a), which sets the time within which a party must file an objection to a debtor's discharge, is not jurisdictional."). Accordingly, reconsideration is not warranted on this basis.

Second, even if the Orders were properly characterized as jurisdictional, such a conclusion would not necessarily entitle Soler to immediate appellate relief. *See Catlin v. United States*, 324 U.S. 229, 237 (1945) ("[D]enial of a motion to dismiss, *even when the motion is based upon jurisdictional grounds*, is not immediately reviewable."). Soler's general contention that the issue raised on appeal is jurisdictional is therefore insufficient.

Finally, the Court disagrees with Soler's assertion that the Bankruptcy Court's denial of his motion for reconsideration is a final order. In support of Soler's position, Soler cites to a Sixth Circuit opinion, which states simply that "an order denying a motion for reconsideration is a final order." *In re J & M Salupo Dev. Co.*, 388 B.R. 795, 800 (6th Cir. 2008). Significantly, however, the order denying reconsideration in that case was appealed along with a previous, related order granting judgment on the pleadings, which is itself a final, appealable order. The Court does not disagree that an order denying reconsideration is appealable where the underlying order is appealable as well. But where, as here, the underlying order is not a final order subject to immediate review, an order denying reconsideration cannot independently meet the criteria required to invoke this Court's appellate jurisdiction. As the Court has already determined that the Order denying the motion to dismiss is a non-final, interlocutory order, the order denying reconsideration is interlocutory as well.

## IV. Conclusion

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Appellant's Motion for Reconsideration [ECF No. 17] is **DENIED**.

**DONE** and **ORDERED** at Fort Lauderdale, Florida, this 28th day of April 2014.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

-5-

Copies to:

Counsel of record